Defendant-appellant Marlon Chisholm appeals from his conviction following a jury trial for assaulting an institutional guard (R.C. 2903.13). Defendant claims that he failed to receive a fair trial resulting from prosecutorial misconduct in final argument and the admission of speculative and prejudicial evidence. Defendant also contends the evidence was insufficient to establish the charge and his conviction was against the manifest weight of the evidence. We find no error and affirm.
The charges against defendant arose from an altercation between defendant and Jose Torres, a guard at the Cleveland City Jail, on February 10, 1998. Defendant was in a holding cell and walked down the corridor of the cellblock to the individual cells to use the toilet facilities. Defendant claims he had permission from another guard to do so. The victim, Torres, claimed he had given no permission to defendant to use the facilities.
According to Torres' testimony, he approached the defendant while defendant was using the toilet. His back was to Torres when Torres found him. Torres testified the following occurred:
 He had his back toward me. He was using the facility. At that time I asked Mr. Chisholm, I said, what are you doing and, you know, that you have to ask permission to leave the holding area. He was there from the beginning of the shift, so I figured he knew how things were run, how we ran things from the start of the shift to the end of the shift. At that time, you know, he, you know — he had his back towards me and he started this right there using this obscene language.
(Tr. at 134).
The defendant was two or three feet from the guard when this exchange occurred. The defendant then exclaimed to guard Torres that "I'm not no punk nigger from down the way. I'm not trying to hear that. I'll knock ya the f___ out." (Tr. at 134). As the defendant turned from the toilet he immediately pushed Torres out of the way. The push knocked the guard backward a couple of feet. After the defendant pushed Torres, he kept coming at the guard, pushed him and threatened to knock him down. The defendant then formed a fist with his hand and charged toward Torres swinging his fist at the guard's face. The guard threw up his forearm and blocked the punch with his forearm. Torres then attempted to subdue the defendant and was assisted by Patrolman Grazioli, who was nearby and came to the guard's assistance. Torres suffered pain to his back and forearm as a result of the attack.
Officer Grazioli was present when the defendant attacked Torres and corroborated Torres' testimony as to the episode leading to the attack. He stated that defendant was out of control because he observed the defendant pushing Torres, punching him and verbally swearing. He stated that defendant was apparently "out of control" because he did not like being questioned by the guard.
The defendant testified in his own behalf. The defendant maintained that he was in jail for thirteen and one-half hours and that he did not have to ask permission before to use the restroom so he did not think that he had to on the occasion in question. He told the jury that the guard initiated the attack and that he was not attacking the guard. He stated that Torres pushed him and that he was slammed to the ground by an officer. He admitted going to prison three times for three cases, once in 1997, once in 1996 and once in 1992. He denied striking Torres and he denied starting any struggle.
The case went to the jury on the charge of assault on an institutional guard and on the defense of self defense. Following defendant's conviction, this timely appeal ensued.
We will address defendant's assignments of error in the order asserted and together where it is appropriate for discussion.
 I. WHERE THE PROSECUTION IN ITS CLOSING ARGUMENT MAKE COMMENTS IN AN ATTEMPT TO APPEAL TO THE JURY'S PASSION, PREJUDICE AND/OR SYMPATHY THE DEFENDANT IS UNFAIRLY PREJUDICED AND IS DENIED THE RIGHT TO A FAIR TRIAL.
Defendant argues that the prosecutor's closing argument contained improper statements that were prejudicial. We find no error.
Generally, conduct of a prosecuting attorney at trial shall not be grounds for reversal unless the conduct deprives the defendant of a fair trial. State v. Apanovich (1987), 33 Ohio St.3d 19, 24;State v. Papp (1978), 64 Ohio App.2d 203, 211. An appellant is entitled to a new trial only when a prosecutor asks improper questions or makes improper remarks and those questions or remarks substantially prejudiced appellant. State v. Smith
(1984), 14 Ohio St.3d 13, 14. A prosecutor is afforded wide latitude in closing arguments. State v. Jacks (1989). 63 Ohio App.3d 200,210. In analyzing whether an appellant was deprived of a fair trial, this Court must determine whether, absent the improper questions or remarks, the jury would have found the defendant guilty. State v. Maurer (1984), 15 Ohio St.3d 239, 266;State v. Dixon (Mar. 13, 1997), Cuyahoga App. No. 68338, unreported. The touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor. Smith v. Phillips (1982),455 U.S. 209. 219. In addition, should a defendant fail to object to the prosecutor's allegedly improper comments at trial pursuant to Crim.R. 52(B), the comments must rise to the level of plain error affecting the substantial rights of the defendant before this Court can take notice of the error. State v. Wogenstahl
(1996), 75 Ohio St.3d 344, 357. Under a plain error analysis, reversal of a conviction is appropriate only if it can be said that, but for the alleged error, the result of the trial would clearly have been different. State v. Gumm (1995), 73 Ohio St.3d 413,428; State v. Parker (Oct. 5, 1995). Cuyahoga App. No. 68156, unreported.
Defendant first contends that the prosecutor incited the passion of the jury by imploring them to uphold the rules of the prison. That portion of the closing argument to which defendant has reference states:
 When you look at somebody, and as you are looking at them, you can't really tell what their intent is. You can't tell what they are thinking about. You have to look at their conduct. You have to look at their words. You have to look at their actions. Jose Torres' action, his words was one of a guard doing his job. The defendant's conduct and the defendant's conduct was one of an aggressor, was one who does not like to be told what the rules are. He revolted he pushed the officer. He punched the officer. His intent in pushing the officer and in punching the officer was to harm the officer. Why else would you punch someone if you did not intend to cause harm to that person? That is why (what) Jose Torres told you and Officer Grazzioli. This man here, this man, punched Jose Torres. Jose Torres is an institutional guard and he works in the City of Cleveland and he protects the Institution, he protects the security, he enforced the rules on (of) the Institution. Now, an attack was made upon the Institution, an attack was made upon the rules.
 You must uphold those rules. You must uphold what the guard was trying to do. The guard was trying to instill (enforce) the rules, to tell a person what the rules are.
(Tr. at 199-200).
Defense counsel did not object to this rebuttal argument of the prosecutor at the time, therefore, the assignment of error must be analyzed under plain error analysis. State v. Wogenstahl,supra. We do not find this argument so offensive as to come within the plain error exception or to cause such concern that without it the defendant would have been found not guilty.
In any event, we find the prosecutor's remarks were fair comment on the evidence. He explained that the guard was not the aggressor; that he was merely upholding the rules and that the jury should so find. Taken as a whole, it cannot be said that the rebuttal argument of the prosecutor prevented the defendant from having a fair trial. Defendant also alleges that the prosecutor improperly vouched for the credibility of the State's witnesses when he stated:
 Told you about his criminal record, told you how many times he had been convicted. He has a long record for drugs, for theft, shoplifting, for grand theft. The theft offenses are crimes of honesty. That goes directly to credibility. How believable is the person? How honest is the person?
 You have two police officers who are very credible, very honest, who are doing their job. You have a criminal defendant with a long record, a record for dishonesty. You look at the swearing contest and you have to say that the people who are telling the truth, the more beievable people, are Officers Graziolli and Jose Torres.
(Tr. at 194-195). This Court confronted a similar situation inState v. Dudas (May 29, 1997), Cuyahoga App. No. 71065, unreported where we held:
 Defendant-appellant argues, through his final assignment of error, that the prosecutor's closing statements were rife with impermissible and prejudicial comment on the prosecutor's personal knowledge of a witness' credibility, the truthfulness of defense counsel and the prosecutor's personal sentiment and desires. * * *
 In the case sub judice, a review of the prosecutor's closing argument in its entirety discloses no prejudice to any substantial rights of defendant-appellant. It is not error for the prosecutor to state a personal opinion as long as the opinion is based upon evidence presented at trial. State v. Tyler
(1990), 50 Ohio St.3d 24, 41; State v. Stephen
(1970). 24 Ohio St.2d 76, 83. Nor is it error for the prosecutor to argue what he believes the evidence has shown and the reasonable inferences which can be drawn therefrom. State v. Richey (1992), 64 Ohio St.3d 353, 362. For the foregoing reasons, this court finds the prosecuting attorney's remarks did not deprive defendant-appellant of a fair trial.
Id. at 9-10. In the case before us, the prosecutor's comment on who was more credible was drawn from the evidence presented at trial regarding the defendant's prior criminal history compared to the testimony of the police officers. Any inferences drawn from this evidence was not improper as long as it was reasonable, which it was.
Defendant's Assignment of Error I is overruled.
 II. WHERE THE TRIAL COURT ALLOWS SPECULATIVE TESTIMONY TO BE INTRODUCED INTO EVIDENCE OVER THE OBJECTIONS OF DEFENSE COUNSEL, THE DEFENDANT IS UNFAIRLY PREJUDICED AND IS DENIED HIS RIGHT TO A FAIR AND IMPARTIAL TRIAL.
The defendant contends that Officer Grazioli's testimony that defendant was "out of control" or "out of hand" because he did not like being questioned by the guard was speculative and prejudicial as there was no way that the officer could know what the defendant was thinking. We find no error. As the Ohio Supreme Court in State v. Sojez (1999), 84 Ohio St.3d 452, 463 held:
 Appellant, further contends that Wright's testimony regarding Watkins's mindset was improper testimony by a lay witness. Evid.R. 701 states that "[i]f the witness is not testifying as an expert, his testimony in the form of opinions or inferences is limited to those * * * which are (1) rationally based on the perception of the witness and (2) helpful to a clear understanding of his testimony or the determination of the fact in issue." Wright's statement did not constitute improper testimony by a lay witness. Wright's statement that Watkins was "scared" and "not able to think" was rationally based on Wright's perception of events transpiring before him, specifically watching Watkins running for his life while being attacked, and was therefore helpful in explaining Wrights' perceptions.
Likewise, in the case herein, Officer Grazioli testified he was present at the city jail when the altercation occurred. He saw the defendant walk out of his holding cell and go down the corridor. He saw guard Torres walk toward the defendant and inquire why the defendant left the holding cell. He heard the defendant tell guard Torres "Get the f___ out of my way." He heard a commotion. He saw the defendant push guard Torres. He saw the disturbance occur first-hand. Based upon these observations, a rational person could conclude that the defendant was "out of control" and "out of hand" due to the guard's questioning him and thus no speculations occurred.
Defendant's Assignment of Error II is overruled.
 III. WHERE THE WEIGHT OF THE EVIDENCE DOES NOT SUPPORT A CONVICTION ON THE CHARGE OF ASSAULT ON AN INSTITUTIONAL GUARD, THE DEFENDANT IS WRONGLY CONVICTED.
 IV. WHERE THE STATE OF OHIO FAILS TO PRESENT EVIDENCE SUFFICIENT TO PROVE THE CHARGE OF ASSAULT ON AN INSTITUTIONAL GUARD BEYOND A REASONABLE DOUBT, THE DEFENDANT IS WRONGLY CONVICTED.
These two assignments of error will be considered together because they are closely related.
The standard of review we must observe in passing on sufficiency of the evidence and manifest weight of the evidence issues were set forth by the Supreme Court of Ohio as follows inState v. Thompkins (1997) 78 Ohio St.3d 380, 386-87:
 The state asserts that sufficiency of the evidence and weight of the evidence are synonymous legal concepts. They are not. The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different.
 With respect to sufficiency of the evidence, "`sufficiency' is a term of art meaning that legal standard which is applied to determine whether the case may go to the jury or whether the evidence is legally sufficient to support the jury verdict as a matter of law." Black's Law Dictionary (6 Ed. 1990) 1433. See, also, Crim.R. 29(A) (motion for judgment of acquittal can be granted by the trial court if the evidence is insufficient to sustain a conviction). In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict, is a question of law. State v. Robinson (1955), 162 Ohio St. 486, 55 O.O. 388, 124 N.E.2d 148. In addition, a conviction based on legally insufficient evidence constitutes a denial of due process. Tibbs v. Florida (1982), 457 U.S. 31, 45, 102 S.Ct. 2211, 2220, 72 L.Ed.2d 652, 663, citing Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560.
 Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. Robinson, supra, 162 Ohio St. at 487, 55 O.O. at 388-389, 124 N.E.2d at 149. Weight of the evidence concerns "the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credible evidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its effect in inducing belief." (Emphasis added.) Black's supra, at 1594.
 When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "`thirteenth juror'" and disagrees with the factfinder's resolution of the conflicting testimony. Tibbs, 457 U.S. at 42, 102 S.Ct. at 2218, 72 L.Ed.2d at 661. See, also, State v. Martin (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720-721 ("The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.")
Construing the evidence in a light most favorable to the jury verdict, the evidence in this matter was sufficient to establish that the defendant became upset when the institutional guard questioned him about leaving the holding cell without seeking permission. Angered by the guard's questioning, defendant chose to verbally threaten the guard, push him and then punch him. The guard's testimony was corroborated by Officer Grazioli. It was within the jury's prerogative to weigh the evidence and judge the credibility of witnesses. The evidence was clearly sufficient to sustain the necessary elements of assault on an institutional guard. The same evidence was of sufficient weight to establish that the verdict was not against the manifest weight of the evidence. The jury could choose to believe the defendant's innocent explanation or the guard's testimony.
Defendant's Assignments of Error III and IV are overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, J., and O'DONNELL, J., CONCUR.
 ___________________________________ JAMES M. PORTER ADMINISTRATIVE JUDGE